IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Abdollah Abdollahi et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> National Iranian Tanker Co. et al., <br><br> *Defendants*. | Case Number: 1:19-cv-03688-ABJ |

## PLAINTIFFS' MOTION FOR LIMITED DISCOVERY IN AID OF DEFAULT JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

**NOW COME** the Plaintiffs, Abdollah Abdollahi et al., by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(d), to move this Court to grant limited discovery in the above-titled suit. The Clerk entered default against all Defendants because they failed to file an Answer to communicate (*see* Doc. 7, Clerk's Entry of Default as to National Iranian Tanker Company; Doc. 11, Clerk's Entry of Default as to Alaedin Boroujerdi, Ali Rabiei). Plaintiffs intend to move for default judgment against Defendants as early as possible. However, in absence of the regular course of discovery in this case, Plaintiffs need to develop the evidentiary record in support of the jurisdictional aspect of Plaintiffs' claims under Alien Tort Claims Act. As such, Plaintiffs respectfully request that this Court order limited, expedited discovery for ninety (90) days under Rule 26 of the Federal Rules of Civil Procedure so that Plaintiffs may discover information from the following non-parties: (1) information and data, such as recordings and devices pertinent to the case, from Insurance Clubs and Management/Owners of other commercial ships near the *Sanchi* incident regarding the collision; (2) testimonies from foreign witnesses with direct knowledge of the accident and testimony by

1

an expert witness to evaluate the accident; (3) information the U.S. Department of State possesses regarding the accident and Search and Rescue activities; and (4) surveillance data collected by the United States Navy at the time of the *Sanchi* incident.

Counsel for Plaintiffs is currently in the process of gathering all available documents from Plaintiffs. Counsel also has knowledge of DVR data that may be in the possession of the *Sanchi*'s insurance company, Steamship Mutual. Counsel further has reason to believe that the U.S. Navy is in possession of relevant surveillance data, which could shed light on the truth of the *Sanchi*'s collision and sinking.[1] Without developing such evidentiary proof, the interests of justice will not be met in this case. Plaintiffs seek not only monetary damages, but also answers to their questions regarding the fates of their loved ones. Limited discovery will serve to provide such answers, while also securing sufficient factual grounds upon which Plaintiffs may then move for default judgment against Defendants.

## FACTUAL BACKGROUND

On December 10, 2019, Plaintiffs filed this complaint against Defendants the National Iranian Tanker Company (hereinafter "NITC"); former Labor Minister, head of the *Sanchi* Accident Investigation Committee and current Iranian government spokesman, Ali Rabiei; and the former head of the National Security and Foreign Relations Commission and head of the Iran-China Friendship Chamber, Alaeddin Boroujerdi. (Doc. 1, Complaint; later amended on January 14, 2020 in Doc. 3.) This complaint comes as a result of the *Sanchi* Oil Tanker Disaster on January 6, 2018. The *Sanchi* oil tanker, a Panamanian-flagged, Iranian-crewed ship, collided with a Chinese cargo ship, the *CF Crystal*, in the East China Sea. This crash resulted in the sinking of the *Sanchi* after several explosions. Hours after the ship sank, President Rouhani of

---

[1] U.S. Navy aircraft joins search and rescue efforts for missing mariners in East China Sea
https://www.c7f.navy.mil/Media/News/Display/Article/1409720/us-navy-aircraft-joins-search-and-rescue-efforts-for-missing-mariners-in-east-c/

Iran wrote a letter stating that the entire crew had perished in the early moments of the incident, that their deaths were in the course of "resistance economics," and demanding that the decedents be considered "martyrs." However, no evidence of the entire crew's deaths has been produced to date. *See* Doc. 3, Amended Complaint, ¶¶ 21-62.

Plaintiffs allege that Defendants deliberately lied to the Iranian people and their families about the deaths of the crew and have pressured the families to accept their version of events following the collision to put an end to questions about the incident. Defendants have denied the families access to information about the incident and their relatives. In the official crash report approved by Iran, China, Panama, and Hong Kong, officials state that the majority of the crew are considered "missing" and that only three bodies were discovered in the aftermath.

Service was performed on Defendants Rabiei and Boroujerdi on February 17, 2020, and upon Defendant NITC on February 23, 2020 (*see* Doc. 4, Return of Service/Affidavit). No response has been received by any of the Defendants, and notice of default was entered against Defendant NITC on May 3, 2020 and against Defendants Rabiei and Boroujerdi on July 22, 2020. Because Defendants are in default and unresponsive to communications, Plaintiffs are now entitled to move for default judgment against Defendants. However, discovery is necessary to support such a motion. This case is predicated upon Defendants' refusal to provide answers and evidence regarding the *Sanchi* and its crew's fate. In the interests of justice, Plaintiffs seek limited, expedited discovery so that evidence may be established not only to provide basis for a motion for default judgment, but also to finally deliver to these families the answers they have sought.

## LEGAL ARGUMENT

This Court has previously noted that while Federal Rule of Civil Procedure 26 empowers the Court to order discovery without conference between parties, it provides no standard by which such motions should be assessed. *In re Fannie Mae Derivative Litig.*, 227 F.R.D. 142, 142 (D.D.C., 2005). Rather, this Court has looked to "two common judicial approaches" to aid in assessment of requests for expedited discovery: first, the "*Notaro* test" set out in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982):

> [C]ourts should require the plaintiff to demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

Second, this Court looked to the "reasonableness test", considering the "reasonableness of the request in light of all of the surrounding circumstances". These factors include:

> (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *In re Fannie Mae* at 142 (citing *Entm't Tech. Corp. v. Walt Disney Imagineering*, 2003 U.S. Dist. LEXIS 19832, 2003 WL 22519440, at *3-5.)

Under either test, Plaintiffs assert that the requested discovery is appropriate in this case. Because Defendants are in default, no typical discovery period is anticipated without the Court's order, and Plaintiffs would be obliged to move for default judgment to advance proceedings against Defendants. Plaintiffs have not moved for a preliminary injunction to preserve evidence. Plaintiffs seek the Court's permission to engage in discovery at this time rather than proceed to a motion for default judgment without further evidence in the record.

1. **Plaintiffs request limited, expedited discovery so that they may subsequently move for default judgment.**

Plaintiffs intend to move for default judgment because Defendants are in default and have not attempted to participate in litigation. However, Plaintiffs have asserted several claims against Defendants that require discovery to be sufficiently established to justify default judgment pursuant to Fed. R. Civ. Proc. 55(b)(2)(C). This case involves deliberate actions taken by Defendants to prevent Plaintiffs from uncovering details regarding the *Sanchi* incident and put an end to the public demands for information. Plaintiffs have chosen to pursue litigation both to uncover the truth and to hold Defendants accountable for their actions. The discovery process is therefore essential to the success of Plaintiffs' suit. Many third parties have asserted facts that contradict the official story promoted by Defendants. *See e.g.,* Doc. 3, Amended Complaint ¶¶ 48–59. Discovery of this information will establish evidence of Defendants' illegal actions, essential to establish the truth of Plaintiffs' allegations under Federal Rule of Civil Procedure 55(b)(2)(C).

2. **Under the *Notaro* test, Plaintiffs should be granted limited, expedited discovery.**

If Plaintiffs are not permitted to engage in discovery prior to moving for default judgment against Defendants, they will suffer irreparable injury. Defendants have consistently engaged in actions to prevent the family members of the *Sanchi* crew from learning the truth regarding the *Sanchi* incident. *See e.g.,* Doc. 3, Amended Complaint ¶¶ 60–73. Plaintiffs have knowledge of evidence that contradicts the Iranian government's official story—namely, official statements from NITC's spokesman about the likelihood of crew survival, which rejected by Plaintiffs evidence reporting that there was distress signals made from the *Sanchi* and surrounding ships, and reports of lifeboats released from the *Sanchi*. *See* Doc. 3, Amended Complaint ¶¶ 29–35). Plaintiffs hope that through this suit they may learn the truth. Without discovery, evidence

corroborating these statements and assertions will likely not be uncovered. Not only would this prevent Plaintiffs from attaining the full information they seek; it would also likely prevent Plaintiffs from sufficiently proving their case to succeed in a motion for default judgment. However, with this evidence, Plaintiffs will be able to establish the truth of their allegations for the purposes of Fed. R. Civ. Proc. 55(b)(2)(C). The requested discovery is therefore directly linked to the injury that Plaintiffs would suffer, and as Defendants are in default, ordering discovery would not cause undue injury to Defendants. This motion is not made for the purpose of delay or for the purpose of prejudice to Defendants, but will facilitate and advance this action.

3. **Under the reasonableness test, Plaintiffs should be granted limited, expedited discovery.**

Plaintiffs are seeking discovery of information essential to the disposition of this suit. The information Plaintiffs intend to seek will be requested primarily of third parties, not directly from Defendants. Therefore, discovery will not place undue burden upon Defendants, who are nonetheless in default and not actively engaged in litigating this case. Due to Defendants' unresponsiveness, Plaintiffs must seek information from third parties that could have been provided by Defendants; therefore the burden of discovery lies upon Plaintiffs and not Defendants.

The breadth of discovery will be focused upon establishing admissible evidence to prove the core claims of Plaintiffs' case against Defendants. As discussed above, Plaintiffs seek to establish evidence of Defendants' retaliatory actions against Plaintiffs and other family members of the *Sanchi* crew, as well as evidence showing that Defendants have intentionally promoted misinformation about the *Sanchi* incident. Plaintiffs further believe that surveillance and communication records from the time of the incident and the later sinking of the *Sanchi* will

demonstrate Defendants' negligence or willful inaction leading to the disappearance or death of the *Sanchi* crew. Because Defendants are in default, discovery is requested so that Plaintiffs may sufficiently prepare their arguments for a motion for default judgment. The "typical discovery process" would not otherwise occur, and Plaintiffs ask that this Court order the requested discovery to ensure that they have the ability to pursue such essential evidence.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Limited Discovery for 90 days to assist Plaintiffs in preparing a motion for default judgment against Defendants.

Dated August 10, 2020.

Respectfully submitted,

_____/s/_____
Ali Herischi, Esq.
MD0024
Herischi & Associates LLC
7201 Wisconsin Ave. Ste. 440
Bethesda, MD 20814
ali.herischi@ibhlaw.com
Tel.: 301.363.4540
Fax: 301.363.4538

*Attorney for Plaintiffs*