IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDOLLAH ABDOLLAHI et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> NATIONAL IRANIAN TANKER CO., <br> ALI RABIEI, and <br> ALAEDDIN BOROUJERDI <br><br><br> *Defendants*. | Case Number:  1:19-cv-3688-ABJ |

**PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS RESPONSIVE TO
PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS AND FOR
*IN CAMERA* REVIEW OF RESPONSIVE CLASSIFIED DOCUMENTS**

Plaintiffs respectfully submit this motion, pursuant to Rules 34(c), 37 and 45 of the Federal Rules of Civil Procedure, for an order compelling the United States Navy to produce documents responsive to Plaintiffs' Subpoena to produce documents.

Respectfully submitted.

_____/s/_____

Ali Herischi, Esq. (MD0024)
Herischi & Associates LLC
7201 Wisconsin Ave., Suite 450
Bethesda, Maryland 20814
Phone: 301-363-4540
Fax: 301-363-4538
*Attorney for Plaintiffs*

**TABLE OF CONTENTS**

I.     INTRODUCTION………………………………………………………………...1

II.    DOCUMENT REQUEST……………………………………………………...3

      A.    Documents Responsive to Plaintiffs' Subpoena Have Been Identified by the U.S. Navy……………………………………………………………..3

      B.    Plaintiffs Have Good Cause for Seeking a Motion to Compel Production of the Requested Documents…………………………………………...3

            i.    Plaintiffs' Request for Production is Relevant……………………4

            ii.   Plaintiffs' Request for Production is Proportional………………..5

      C.    Classified Information May Be Protected by *In Camera* Review………..7

III.   CONCLUSION…………………………………………………………………..10

# TABLE OF AUTHORITIES

D.C. District Court Local Rule 7(m)………………………………………………....1

Federal Rule of Civil Procedure 26(b)(1)……………………………………………..4

Federal Rule of Civil Procedure 34(c)…………………………………………………1

Federal Rule of Civil Procedure 37……………………………………………………1

Federal Rule of Civil Procedure 45……………………………………………………1

Department of Defense (DoD) Directive 5405.2, published at 32 C.F.R. § 97………...3, 7

DoD directive 5405.2 Appendix C to Part 516 (F)(2)(a)-(f)…………………………......8

SECNAVINST 5820.8A, published at 32 C.F.R. § 725……………………………..3, 7, 8

*Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1 (D.D.C. 2017)…..4, 5

*Jifry v. F.A.A*, 370 F.3d 1174 (D.C. Cir. 2004)………………………………………..7

## TABLE OF EXHIBITS

Exhibit A        First Navy Response

Exhibit B        Plaintiffs' Second Subpoena

Exhibit C        Second Navy Response

Exhibit D        Carilli Email

Exhibit E        Navy Disclosures

## PLAINTIFFS MOTION TO COMPEL DISCOVERY

Plaintiffs respectfully submit this motion, pursuant to Rules 34(c), 37 and 45 of the Federal Rules of Civil Procedure, for an order compelling the United States Navy, a non-party, to produce documents responsive to Plaintiffs' Subpoena to produce documents.

Plaintiffs are not required to meet and confer with Defendants regarding this motion pursuant to Rule 37(a)(1) and Local Rule 7(m), because Defendants are in default and unresponsive to prior attempts to contact, and the information sought is controlled by a non-party rather than by Defendants. Pursuant to the Court's email response to Plaintiffs' request for a discovery conference dated January 28, 2021, Plaintiffs are authorized to file a motion to compel without a prior discovery teleconference.

### I.     INTRODUCTION

On June 1, 2020, Counsel for Plaintiffs ("Counsel") submitted a subpoena duces tecum to the General Counsel of the U.S. Navy requesting information regarding the *Sanchi* incident, which on July 8, 2020 the Navy objected to on multiple grounds, particularly on the basis that any responsive records that might exist would likely be classified and not subject to disclosure. *See Exhibit A, First Navy Response.* On August 27, 2020, Counsel submitted a second subpoena to the Navy with greater detail given to the scope of Plaintiffs' request. In particular, Plaintiffs' subpoena provided separated requests for classified and unclassified documents to help the Department of the Navy in producing more documents and more specific answers to Plaintiffs' requested documents. *See Exhibit B, Plaintiffs' Second Subpoena.* The subpoena was received and responded to on September 30, 2020 by Lieutenant Commander Ann Tuddenham Oakes, Chief of the

Litigation Information Branch of the Navy Office of the Judge Advocate General, objecting to the request on the same grounds. *See Exhibit C, Second Navy Response.*

After the second Navy response, Plaintiffs communicated to the Navy that they intend to pursue their rights to compel the Navy to produce documents. In answer, the Navy introduced Counsel to U.S. Attorney Mr. Joseph Carilli, who has been handling the matter. Since that date, Counsel has been in regular communication with Mr. Carilli with the goal of narrowing the focus of Plaintiffs' request to responsive unclassified files, and to identify any classified documents that might further be subject to a motion to compel production. *See Exhibit D, Carilli Email.* Originally, Plaintiffs had planned to file a Motion to Compel in January. On January 28, 2021, this Court authorized Plaintiffs to file a motion to compel production of documents categorized as classified and/or privileged in this case without a prior discovery teleconference with the Court. However, because Plaintiffs were negotiating with the U.S. Department of State and U.S. Treasury Department for production of documents, Plaintiffs held their filing until the conclusion of their inquiries from all three Departments.

Plaintiffs have been satisfied with the answers received from all Departments aside from the Navy. However, Plaintiffs were successful in receiving a clarifying answer from the Department of the Navy regarding the categories of requested documents. The last answer received from the Department of the Navy clarifies that there is no responsive information for certain categories of Plaintiffs' requests, which narrows the scope of this motion. *See Exhibit D, Carilli Email; Exhibit B, Plaintiffs' Second Subpoena.*

On June 2, 2021 the Court approved Plaintiffs' request for a 14-day extension of the discovery period until June 14, 2021 for the purpose of submitting a Motion to

Compel the U.S. Navy to produce the available documents requested in Plaintiffs' subpoena.

## II.   DOCUMENT REQUEST

### A. Documents Responsive to Plaintiffs' Subpoena Have Been Identified by the U.S. Navy

In response to Plaintiffs' revised subpoena, on September 30, 2020 the U.S. Navy sent a reply to Counsel indicating that some of the information requested is classified and therefore the Navy objects to its disclosure pursuant to its own regulations; in particular, Department of Defense (DoD) Directive 5405.2 and SECNAVINST 5820.8A, which control the release of information for purposes of litigation. *See Exhibit C, Second Navy Response.* The limited unclassified documents amounting to two emails and a single PowerPoint slide with a still image of the wreckage were produced and delivered to Counsel. *See Exhibit E, Navy Disclosures.* In addition, on March 26, 2021, the Navy identified the categories of requested documents for which there are no relevant responsive documents, highlighting the line items in Plaintiffs' subpoena that are inapplicable. *See Exhibit D, Carilli Email and Exhibit B, Plaintiffs' Second Subpoena.*

Pursuant to the Navy's disclosure, the remaining classified responsive materials are as follows: 48 PowerPoint slides; 2 .txt files, 19 emails, 2 PDF files totaling 32 pages, 2 Word documents, and 1 Excel spreadsheet. *See Exhibit E, Navy Disclosures*. Plaintiffs now seek an Order compelling disclosure of the remaining above-named documents, and request *in camera* review of classified records to preserve the confidential nature of any information contained therein.

### B. Plaintiffs Have Good Cause for Seeking a Motion to Compel Production of the Requested Documents

This Court has held that the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant and that the request is proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). *See Oxbow Carbon & Mins. LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1 (D.D.C. 2017). Because of the limited public information regarding the facts surrounding the *Sanchi* incident and the Defendants' active attempts to bar access to information, Plaintiffs' request is both relevant and proportional. Due to the classified nature of the requested information, Plaintiffs seek an Order to compel the U.S. Navy to produce responsive documents for *in camera* review by the Court.

### i. Plaintiffs' Request for Production is Relevant

The information Plaintiffs seek from the U.S. Navy is highly relevant to Plaintiffs' claims. The truth of the collision of the *Sanchi* and the *CF Crystal* on January 6, 2018 and its aftermath have been placed in question by the contradictory information surrounding the accident, the cover-up attempts by Defendants, as well as third-party reports and communications received by the families of the *Sanchi* crew who have cause to believe that their loved ones may have survived the collision and could be the victims of hostage taking, forced disappearance, torture, and/or extrajudicial killing. The U.S. Navy acknowledges that it engaged in surveillance and assisted in a search and rescue mission to document the site of the incident and the wreckage following the collision, and as such any Navy records made of and after that mission relating to the nature of the incident, its aftermath, and any information regarding the fates or whereabouts of the *Sanchi* crew are highly relevant to Plaintiffs' claims.

Plaintiffs do not seek information particular to the internal functions of the Navy or its employees or personnel nor do they intend to make such information publicly available, but rather seek information in the possession of the Navy regarding Defendants and the *Sanchi* itself for the purpose of establishing material facts related to Plaintiffs' claims, which could potentially help release those individuals in custody since the accident. The incident was a human tragedy, and this case was foremost initiated for the purpose of bringing to light the reality of the case so that the families may pursue the legal remedies available under the law.

### ii. Plaintiffs' Request for Production is Proportional

In terms of the proportionality of Plaintiffs' request, this Court has held that the factors to be considered are as follows:

1) the importance of the issues at stake in this action;
2) the amount in controversy;
3) the parties' relative access to relevant information;
4) the parties' resources;
5) the importance of the discovery in resolving the issues; and
6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Oxbow* at 6. In its September 30, 2020 response, the Navy indicated that it objected to Plaintiffs' subpoena on three grounds: (1) that the subpoena did not give the Navy sufficient time to respond, (2) that Plaintiffs' request was not proportional because Defendants are in default and have not contested these proceedings, and (3) that the declassification review process for the requested documents would be unduly burdensome. *See Exhibit C, Second Navy Response.* However, Plaintiffs assert that as their request for production currently stands, these arguments do not demonstrate that Plaintiffs' request is disproportionate. Because Plaintiffs' initial request was served on

September 16, 2020 and Counsel has been in regular communication with the Navy regarding Plaintiffs' request since that date, the amount of time initially requested by Plaintiffs' for production is no longer applicable. *See Exhibit C, Second Navy Response.*

In its objections to Plaintiffs' subpoena, the Navy stated its position that such production of the requested information should not be necessary because Defendants are in default and not actively litigating the case. *See Exhibit C, Second Navy Response.* However, Plaintiffs argue that such information is in fact of critical importance, as it is needed to establish the claims Plaintiffs have asserted in their initial Complaint so that they may move for a default judgment. As discussed previously, the information sought in Plaintiffs' discovery request specifically concerns the truth of the January 6, 2018 *Sanchi* incident and Defendants' role in the fate of the tanker's crew. This information is of critical importance to the issues at stake because these facts may be dispositive of Plaintiffs' claims. Additionally, because the claims in this case involve violations of international law and relate to ten of the crewmembers of the *Sanchi*, the amount in controversy and potential scope of damages is high, extending to punitive damages as well as actual and compensatory damages.

Defendants have concealed information from the families of the *Sanchi* crew and the general public regarding the incident and its aftermath. As such, the requested documents within the control of the Navy are not available to Plaintiffs through any other source, and the information Plaintiffs believe may be contained in these documents is likely material to the claims raised in this case. Plaintiffs have exhausted all other means of discovering the requested information, and have worked with the Navy to identify the particular responsive classified documents. As such, the issues of the parties' resources

and the burdens or expenses of discovery weigh in favor of granting Plaintiffs' Motion, and an order to compel production is necessary as part of the discovery process in order to authorize production.

The Navy is limited by its own regulations in its capacity to produce classified documents. *See* Department of Defense (DoD) Directive 5405.2 and SECNAVINST 5820.8A, published at 32 C.F.R. pts. 97 and 725; *see also Exhibit C, Second Navy Response*. However, were the Navy to be legally compelled by court order to provide the responsive records, Plaintiffs believe such production should not prove unduly burdensome because the requested records have already been located and identified by the Navy, and the use of *in camera* review would relieve the Navy of the burden of declassifying the records as would be required if they were instead to be delivered directly to Counsel, as will be addressed further in the following section.

### C. Classified Information May Be Protected by *In Camera* Review

As the D.C. Circuit Court has established, "[T]he court has inherent authority to review classified material *ex parte*, *in camera* as part of its judicial review function." *Jifry v. F.A.A*, 370 F.3d 1174, 1182 (D.C. Cir. 2004). Based upon Counsel's communications with the Navy, the scope of Plaintiffs' discovery request has been narrowed to the items described in Section II.A of this Motion that have been identified by the U.S. Navy as classified responsive materials. Plaintiffs are aware that the documents covered by this request are classified by the U.S. government, and therefore request that this Court grant Plaintiffs' Motion and further exercise its discretion and authority to review any such classified documents *in camera* as appropriate to preserve

7

the confidential nature of any information contained within and determine if any information is material to Plaintiffs' claims.

The Navy has not identified with specificity the reasons for which the requested documents have been designated as classified or generally described any possible unclassified information contained within, but rather has objected to the disclosure of the documents in their entirety. Department of Defense (DoD) Directive 5405.2 indicates that factors to consider in whether or not classified information may be produced for the purpose of litigation are as follows:

   a. Whether the request or demand is unduly burdensome or otherwise inappropriate under the applicable court rules;
   b. Whether the disclosure, *including release in camera*, is appropriate under the rules of procedure governing the case or matter in which the request or demand arose;
   c. Whether the disclosure would violate a statute, executive order, regulation, or directive;
   d. Whether the disclosure, *including release in camera*, is appropriate or necessary under the relevant substantive law concerning privilege;
   e. Whether the disclosure, *except when in camera* and necessary to assert a claim of privilege, would reveal information properly classified [. . .] or other matters exempt from unrestricted disclosure; and
   f. Whether disclosure would interfere with ongoing enforcement proceedings, compromise constitutional rights, reveal the identity of an intelligence source or confidential informant, disclose trade secrets or similarly confidential commercial or financial information, or otherwise be inappropriate under the circumstances.

DoD directive 5405.2 Appendix C to Part 516 (F)(2) (emphasis added). These same factors are duplicated in SECNAVINST 5820.8 as general considerations in deciding whether to authorize release of official information. Release of classified information for litigation purposes is not wholly prevented; SECNAVINST 5820.8(b)(2)(ii) simply states that for litigation where the United States is not a party, such release must be coordinated within the Office of the Chief of Naval Operations.

As stated previously, Plaintiffs assert that based upon the narrowed scope of their request and their willingness to allow for *in camera* review of the classified documents, this request is not unduly burdensome for the Navy. Additionally, these regulations make clear that the use of *in camera* review is a significant factor in determining the appropriateness of disclosure, and in light of the circumstances Plaintiffs ask that this Court find that disclosure *in camera* is appropriate to provide Plaintiffs with the information necessary to fully present their claims because the requested information will not be published for the general public and does not seek to uncover the identities of government employees or agents or details regarding the Navy's internal operations.

Defendants in this suit are in default, and are unresponsive to communications from Plaintiffs; however, *in camera* review of the requested documents would not harm or prove prejudicial to Defendants regardless of their status, because Plaintiffs do not believe the information contained within is privileged or proprietary information to Defendants; rather, it concerns information gathered by the U.S. government regarding Defendants' actions and the *Sanchi* itself. Additionally, because the specific records sought by Plaintiffs are limited to those few already identified by the Navy as discussed previously, *in camera* review should not prove burdensome on this Court's resources.

Furthermore, Plaintiffs are open to alternative methods of disclosure in the interest of protecting classified information, including but not limited to declassification of the original records, or production of affidavits by the Navy attesting to the relevant information contained within the classified records as an alternative to production of the original records themselves. Unlike many cases wherein parties have sought classified records from the U.S. government through Freedom of Information Act ("FOIA")

9

requests for the purpose of public disclosure, Plaintiffs do not intend to publish the requested documents publicly; rather, Plaintiffs seek this information because it directly concerns the truth of what happened to their loved ones during the January 6, 2018 *Sanchi* incident. As such, Plaintiffs are willing to agree to a protective order to further keep confidential any classified information contained in the requested documents.

### III.    CONCLUSION

For the reasons stated above, Plaintiffs move this Court to compel the U.S. Navy to produce documents responsive to Plaintiffs' subpoena duces tecum, and to grant *in camera* review of classified responsive documents.

This 14th day of June, 2021.

Respectfully submitted,

_____/s/_____

Ali Herischi, Esq. (MD0024)
Herischi & Associates LLC
7201 Wisconsin Ave., Suite 440
Bethesda, Maryland 20814
Phone: 301-363-4540
Fax: 301-363-4538
*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 14th day of June 2021, this Plaintiffs' Motion to Compel Discovery and exhibits were served through email on the Department of Navy's attorney from Department of Justice, Mr. Joseph Carilli (AUSA) using his email address at Joseph.Carilli@usdoj.gov.

                                          __/s/ Ali Herischi_____
                                          Ali Herischi, Esq. (MD0024)
                                          **Herischi & Associates LLC**
                                          7201 Wisconsin Ave., Suite 440
                                          Bethesda, MD 20814
                                          Phone: 301-363-4540
                                          Fax: 301-363-4538
                                          *Attorney for Plaintiff*