IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDOLLAH ABDOLLAHI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL IRANIAN TANKER COMPANY,<br><br>ALI RABIEI, and ALAEDDIN BOROUJERDI,<br><br>Defendants. | Case No. 1:19-cv-03688-ABJ |

**SUPPLEMENTAL DECLARATION OF ALI HERISCHI, ESQ.**

(Service; Rule 4(k)(2) Certification; Provenance of Exhibits; Public Records)

I, ALI HERISCHI, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am a member of the bar of this Court and counsel of record for Plaintiffs. I make this declaration on personal knowledge and on the records of my office.

**Service and the entries of default**

2. No international agreement on service is in force between the United States and the Islamic Republic of Iran. In February 2020 my office served the summons and the operative complaint, with Farsi translations, on each Defendant in Tehran under Federal Rule of Civil Procedure 4(f)(2): on National Iranian Tanker Company and on Alaeddin Boroujerdi on 17 February 2020, and on Ali Rabiei on 23 February 2020, as stated in our returned Summons.

The returns of service, with the delivery receipts, were filed on 20 April 2020 (ECF No. 4).

3. No Defendant answered, moved or otherwise appeared. The last date on which any Defendant's response was due was 15 March 2020. The time to respond was never extended.

4. On 30 April 2020 Plaintiffs filed a request for entry of default against all three Defendants, supported by my declaration of the same date (ECF Nos. [5–6]). Paragraph 3 of that declaration stated that "National Iranian Tanker Co. is a private company, and other two individual Defendants were sued in personal capacity." That was Plaintiffs' position then and it is their position now.

5. The Clerk entered the default of National Iranian Tanker Company on 3 May 2020 (ECF No. 7), reciting service on 17 February 2020, and the defaults of Alaeddin Boroujerdi and Ali Rabiei on 22 July 2020 (ECF No. 11).

6. True copies of the returns of service (ECF No. 4), the request for entry of default and my declaration of 30 April 2020, and the Clerk's entries of default of 3 May 2020 (ECF No. 7) and 22 July 2020 (ECF No. 11) are attached as Exhibit HS-1. Since service, no communication of any kind has been received from any Defendant or from anyone purporting to act for one.

7. For purposes of Rule 4(k)(2), I certify that, after inquiry, I am aware of no state in which either Ali Rabiei or Alaeddin Boroujerdi is subject to the jurisdiction of the courts of general jurisdiction, and neither Defendant has appeared to name one.

**The payment records (Exhibits J and K to the Roberts Second Supplemental Declaration)**

8. I received the thirteen NIOC payment confirmations and two NITC Invoice Status Reports from the declarant "Jack Roberts" on or before September 20, 2026 through electronic transfer. The copies filed are the copies I received, without alteration other than the addition of exhibit labels.

9. I have verified, from the public corporate registry of Malta as reproduced in the International Consortium of Investigative Journalists' database of Maltese registry records, that ALP Shipping Enterprise Limited is registered in Malta under No. C45652 and is recorded as owned by National Iranian Tanker Company Private Joint Stock. A printout is attached as Exhibit HS-2.

**Public records (Exhibits Ss)**

10. Exhibits S-6 through S-10, S-12 and S-13 are printouts of documents published by the governments of the United States and Japan, by the United Nations Security Council, and by news organizations, obtained by my office from the official or publisher's website identified on each exhibit on the date noted there. Plaintiffs ask the Court to take judicial notice of the governmental and Security Council documents under Federal Rule of Evidence 201, and offer the news reports for the fact and date of the reports rather than for the truth of their contents except where the Supplemental Brief says otherwise.

11. Exhibit S-6 (Caixin Global, 29 January 2018) reports, among other things, that the Sanchi's automatic identification system had transmitted no data for almost twenty-four hours before the collision and that the vessel had been due at Daesan, Republic of Korea, on 6 January 2018.

12. Exhibits 15 and 15A to the Motion are the e-mails of 6 and 7 January 2018 concerning the United States Navy's participation in the search for the Sanchi's crew that were declassified by United States Indo-Pacific Command and produced to me by the General Litigation Division of the Office of the Judge Advocate General of the Navy under cover of its letter of 8 July 2022 (Ser 14/127/T200237), in response to Plaintiffs' subpoena and the Court's order for in camera review. Exhibit 17 to the Motion consists of the Department of State's production in response to Plaintiffs' subpoena. Plaintiffs rely on those exhibits, rather than on any press account, for the facts of the United States' participation in the search.

13. Plaintiff Abdollah Abdollahi's declaration (Ex. 5 to the Motion, ¶ 10) and the First Amended Complaint (¶ 35) describe Rabiei's letter to President Rouhani declaring the crew dead and the President's public statement that followed.

14. As the same records reflect, Alaeddin Boroujerdi chaired the National Security and Foreign Policy Committee of the Islamic Consultative Assembly from 2004 until 2018, including on 25 and 27 January 2018, the dates of the meeting and letter recorded in Exhibit I to the Roberts Declaration, and remained a member of that committee thereafter.

15. The Committee's functions, as publicly described, include oversight of the Islamic Republic's national security policy and foreign relations, including the work of the Supreme National Security Council.

**Service on the United States**

18. On September 30, 2026, I caused copies of the Supplemental Brief and its public exhibits to be transmitted to the Attorney General of the United States, care of the Civil Division, Federal Programs Branch, U.S. Department of Justice, 1100 L Street NW, Washington,

DC 20005, and to the Office of the Legal Adviser, U.S. Department of State, 2201 C Street NW, Washington, DC 20520, with a letter stating that Plaintiffs would welcome the views of the United States and would provide the sealed materials upon request.

**NITC's ownership; Iranian law**

19. Exhibit HS-3 consists of the public records on which Plaintiffs rely for NITC's ownership: the statement of reasons published by the Council of the European Union on NITC's re-listing in February 2015, identifying NITC's shareholders as the Iranian State Retirement Fund (the Civil Servants Pension Fund), the Iranian Social Security Organization and the Oil Industry Employees' Retirement and Savings Fund; the judgment of the General Court of the European Union of 3 July 2014 in Case T-565/12; and the judgment of the Court of Justice of 29 November 2018 in Case C-600/16 P. I am aware of no change in NITC's shareholding between 2009 and the filing of this action in December 2019.

20. Pursuant to Federal Rule of Civil Procedure 44.1, Plaintiffs give notice that they may rely on the law of the Islamic Republic of Iran, including Article 1 of the Civil Liability Act of 1339 (1960) and the provisions of Iranian law classifying the Social Security Organization as a public non-governmental institution and the pension funds as separate legal persons, and on the Maritime Labour Convention, 2006, and the International Convention for the Safety of Life at Sea, 1974. Exhibit HS-4 contains the text of Article 1 of the Civil Liability Act with a certified English translation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September _30th__, 2026, at North Bethesda, Maryland.

Ali Herischi, Esq.